Melissa A. Salimbene
Ronald L. Israel
Wolff & Samson PC
140 Broadway, 46th Floor
New York, NY 10005
973-325-1500
Attorneys for Plaintiff
JMWilliams, LLC

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JMWILLIAMS LLC, | Case No.: 115-cv-03098-UA |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| HANOVER VENTURES MARKETPLACE LLC, HPH RESTAURANT GROUP and JOHN AND JANE DOES 1-10 and XYZ CORPORATIONS 1-10, | **Jury Trial Demanded** |
| Defendants. | |

Plaintiff JMWilliams LLC ("Plaintiff"), by and through its undersigned attorneys, for its complaint against the defendants, alleges as follows:

### NATURE OF ACTION

1.     This is an action for service mark infringement, unfair competition and other relief arising under the trademark and service mark laws of the United States, specifically 15 U.S.C. § 1051 et seq. (hereinafter "Lanham Act") and the common law of the State of New York, as well as for breach of contract, breach of the covenant of good faith and fair dealing, fraudulent misrepresentation, negligent misrepresentation, fraud in the inducement and promissory estoppel.  Specifically, in blatant violation of Plaintiff's rights to its BUVETTE GASTROTHÉQUE and BUVETTE names and service marks which are used for restaurant and

wine bar services at Plaintiff's popular restaurant by the same names, and in breach of Defendants' agreement not to use the mark "Buvette" in exchange for Plaintiff's dismissing its previously commenced litigation against Defendants, Defendants are continuing to use the mark "Buvette" for restaurant and wine bar services just two miles away from Plaintiff's restaurant.  Such use has already caused confusion and will continue to cause confusion as to the source of Defendants' services, and Defendants' knowing use of the confusingly similar name and mark constitutes unfair competition against Plaintiff.  Moreover, such conduct is a blatant violation of Defendants' promises and contractual obligations to Plaintiff to cease using the "Buvette" mark.

## THE PARTIES

2.      Plaintiff JMWilliams LLC is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 42 Grove Street, New York, New York, 10014.  Plaintiff is owned by renowned chef Jody Williams ("Williams"), and through Plaintiff, Williams is the owner and operator of the popular restaurant BUVETTE GASTROTHÉQUE which is also located at 42 Grove Street, New York, New York, 10014.

3.      Upon information and belief, defendant Hanover Ventures Marketplace LLC ("Hanover") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 93 Pearl Street, 3rd Floor, New York, New York, 10004.

4.      Upon information and belief, defendant HPH Restaurant Group ("HPH") is a New York company with its principal place of business located at 93 Pearl Street, New York, New York, 10004. (Hanover and HPH are collectively referred to herein as "Defendants").

2

5.     Upon information and belief, Defendants are the owners and operators of *Le District* marketplace at Brookfield Place located in Battery Park City at 200 Vesey Street, New York, New York 10281 (Brookfield Place was originally known as the World Financial Center). Defendants are also the owners and operators of "Buvette Wine Bar" a/k/a "Buvette" a/k/a "Bar du Marché" (referred to herein as the "Buvette wine bar") which is located within *Le District* and infringes upon and unfairly competes with Plaintiff's registered service mark BUVETTE GASTROTHÈQUE.

6.     Upon information and belief, John and Jane Does 1-10 and XYZ Corporations 1-10 are presently unidentified individuals and/or entities that are involved with the operation of the Buvette wine bar at *Le District*.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims arise under the trademark and service mark laws of the United States. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over Plaintiff's claims that arise under the laws of the State of New York.

8.     This Court has personal jurisdiction over the parties to this action because (i) Plaintiff's claims arise in this judicial district, and (ii) each party is located within and does business in this judicial district.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arise in this judicial district, each party does business in this judicial district, witnesses and evidence are located within this judicial district, and the acts complained of herein have taken place in this judicial district.

5192913.2

## PLAINTIFF'S BUVETTE GASTROTHÉQUE SERVICE MARK

10.    Plaintiff is the owner and operator of the popular and well-known restaurant BUVETTE GASTROTHÉQUE which is located in the West Village neighborhood of Manhattan.

11.    Plaintiff is also the owner of United States Trademark Registration No. 4,593,601 for its BUVETTE GASTROTHÉQUE mark in International Class for 43 for restaurant services featuring upscale cuisine and excluding roadside cafe services. (A Printout from the United States Patent and Trademark Office's Online Database of Plaintiff's registration is attached hereto as Exhibit A).

12.    Plaintiff has continued to use its well-known BUVETTE GASTROTHÉQUE mark in connection with its restaurant since opening its restaurant in early 2011.

13.    In addition to Plaintiff's BUVETTE GASTROTHÉQUE name and service mark, Plaintiff's restaurant is often referred to by Plaintiff, consumers, the media and the general public as simply "BUVETTE."  For example, the website for Plaintiff's restaurant is www.ilovebuvette.com and can also be accessed via www.buvette.com.  In addition, Plaintiff's restaurant is often referred to as "BUVETTE" on third party websites and publications, including but not limited to *Travel and Leisure*, *New York Magazine, the New York Times, the Village Voice, Yelp, Menupages.com, Foursquare.com, Tripadvisor.com* and *Zagat*.

14.    Plaintiff's BUVETTE GASTROTHÉQUE restaurant is tremendously popular, and both the restaurant and chef Jody Williams (who owns and operates the restaurant through Plaintiff) have received substantial critical acclaim and media attention since opening in 2011.

15.    For example, BUVETTE GASTROTHÉQUE was voted as one of New York's "Top 10 Restaurants" by *Travel and Leisure* in 2012 and was voted "Best West Village Wine Bar" by the *Village Voice* in 2011. Williams and BUVETTE GASTROTHÉQUE have been nominated for the highly prestigious 2015 James Beard Foundation award, and are currently

4

semi-finalists in the category of "Best Chef, NYC." Williams and BUVETTE GASTROTHÉQUE have also received rave reviews in such publications as *The New York Times, Martha Stewart Living, Travel and Leisure, Gourmet, Glamour, AM New York, The New Yorker, Wall Street Journal, New York Magazine, The Village Voice, Time Out New York,* and *Grub Street*, among others.

16.     Williams has made a number of television appearances, including appearing multiple times on *The Martha Stewart Show* and serving as a judge on several episodes of the Food Network's competition series show *Chopped.*

17.     Williams has also co-authored the popular cookbook *Buvette: The Pleasure of Good Food*, that contains a Forward authored by celebrity chef Mario Batali.

18.     Plaintiff has invested a substantial amount of time, money and other resources advertising, promoting, marketing and publicizing its restaurant and wine bar services provided under its BUVETTE GASTROTHÉQUE and BUVETTE names and marks.

19.     As a result of Plaintiff's extensive use of its BUVETTE GASTROTHÉQUE and BUVETTE names and marks and Plaintiff's substantial advertising, marketing and promotional efforts, its BUVETTE GASTROTHÉQUE and BUVETTE names and marks have developed and acquired substantial consumer recognition and goodwill, have come to be widely recognized by the public as identifying Plaintiff's restaurant and services, and have become important source indicators which identify the high quality restaurant and wine bar services provided by Plaintiff.

20.     For all of the foregoing reasons, the BUVETTE GASTROTHÉQUE and BUVETTE names and marks are exceedingly valuable assets of Plaintiff.

5192913.2

### DEFENDANTS' INFRINGEMENT

21.     Upon information and belief, in or about 2014, and long subsequent to Plaintiff's substantial use of its BUVETTE GASTROTHÉQUE and BUVETTE names and marks, and subsequent to Plaintiff's BUVETTE GASTROTHÉQUE and BUVETTE names and marks acquiring public recognition as identifying and distinguishing Plaintiff's restaurant and wine bar services from those of others, Defendants began promoting and marketing its intended use of the confusingly similar name and mark "Buvette" and "Buvette Wine Bar" in connection with its French themed marketplace and restaurant space *Le District*.

22.     Specifically, upon information and belief, in 2014, Brookfield Office Properties, Inc. ("Brookfield Office"), the owner and operator of Brookfield Place in Battery Park City, announced plans to open a large, 25,000 square-foot French marketplace and an assortment of six notable restaurants at Brookfield Place in the Spring 2015, which marketplace and restaurants will collectively be called *Le District*.

23.     Upon information and belief, Brookfield Office leases to defendant Hanover the portion of Brookfield Place where *Le District* and the infringing Buvette wine bar is operated.

24.     Defendants, the owners and operators of *Le District*, issued a press release stating that *Le District* will be a "French-inspired culinary destination" consisting of four districts:

> Café District - indulge in delicious treats from the chocolaterie and patisserie as well as macaron, glacée, café and thé shops;
>
> Market District – taste savory delights at the boulangerie, fromagerie, charcuterie, rotisserie, boucherie, poissonerie and relax with a glass of wine at the **buvette wine bar**;
>
> Garden District – quick and easy shopping at a flower shop, wine store, juice bar, coffee station and prepared foods bar;
>
> Restaurant District – offering casual, fine and private dining options alongside innovative bar concepts including an absinthe

6

bar/patio, restaurant with grand outdoor dining terraces and chef's table concept.

(Emphasis added).

25.     Upon information and belief, portions of *Le District* have very recently opened for business in late March 2015, and the remaining sections are scheduled to open later in the Spring of 2015.

26.     As noted in the press release quoted above, included within the "Market District" of *Le District* will be "buvette wine bar" indicating that Defendants are using or will be using the name and mark "Buvette" in connection with restaurant and wine bar services.

27.     As will be explained below, it has recently been discovered that the exterior signage for *Le District* includes the word "Buvette" when listing the restaurant and food services offered inside.

28.     Defendants' services to be provided under the name and mark "Buvette" are closely related to Plaintiff's services and are directed towards the same class of consumers. Notably, both Plaintiff's BUVETTE GASTROTHÉQUE restaurant and Defendants' Buvette wine bar are located on the lower west side of Manhattan about two miles apart from each other.  Accordingly, Plaintiff and Defendants are unquestionably in competition with respect to their restaurant and wine bar services.

29.     Defendants' use of the name and mark "Buvette" is so similar to Plaintiff's BUVETTE GASTROTHÉQUE and BUVETTE names and marks that it is likely to cause confusion, mistake or deception as to the source or origin of Defendants' restaurant and wine bar services in that the public is likely to believe that Defendants' Buvette wine bar and services are provided, sponsored, approved or licensed by or otherwise affiliated with or legitimately connected to Plaintiff, which they are not.

7

30.     In fact, Defendants' use of the confusingly similar name and mark "Buvette" in connection with its providing similar services in close geographic proximity to Plaintiff's restaurant (about two miles apart) has already created confusion as to the source of Defendants' services at its Buvette wine bar.  Specifically, after Defendants announced their plans to open their "Buvette" wine bar at *Le District*, an Associate Editor from the publication *Eater NY* (www.ny.eater.com) emailed Plaintiff's restaurant stating "I was looking at this newly-released plan for Le District, the restaurant/market being built at Brookfield Place in Battery Park City, and noticed that one of the sections of the market is listed as 'Buvette Wine Bar'. Does this have any connection to you?  Are you opening a second location at Le District?"

31.     Thereafter *Eater NY* published an article about *Le District* and, clearly aware of the confusion the inclusion of Buvette wine bar would cause among the public, noted in the article that *Le District* "will include a space for 'Buvette Wine Bar,' but Jody Williams confirms this is not related to her Buvette in the West Village."

32.     Defendants' use of the infringing name and mark "Buvette" has already caused, and will continue to cause, confusion, mistake and deception among the public as to the existence of an association, connection and relationship between Plaintiff and Defendants, and the public will undoubtedly continue to believe that Defendants' restaurant and wine bar services provided under the name and mark "Buvette" are connected to or are one and the same with Plaintiff's restaurant and wine bar services, which they are not.

33.     The acts of Defendants complained of hereinabove are unlawful, willful and knowingly performed with the intent and result of injuring Plaintiff.

8

## PLAINTIFF'S NOTICE TO DEFENDANTS

34.     Immediately after discovering that Defendants were using, or planning to use, the "Buvette" name and mark in *Le District* at Brookfield Place, Plaintiff sent Brookfield Office a cease and desist letter dated June 27, 2014 explaining Plaintiff's concern that based upon the goodwill associated with Plaintiff's restaurant and its BUVETTE GASTROTHÉQUE and BUVETTE names and marks, and due to the close geographic proximity of Plaintiff's BUVETTE GASTROTHÉQUE restaurant and Defendants' Buvette wine bar, that Defendants' use of the name "Buvette" will result in customer confusion.  Accordingly, Plaintiff requested that Defendants cease and desist from any and all use of the mark "Buvette" in connection with *Le District*.

35.     In the cease and desist letter, Plaintiff also noted that based upon the generic French words Defendants planned to use for all the other service areas within the "Market District" of *Le District* where the Buvette wine bar will be located (*Boulangerie, Fromagerie, Charcuterie, Rotiserrie, Boucherie* and *Poissonerie*) it would be more consistent to use "Bar a Vin" as the name for Defendants' wine bar.

36.     In other words, upon information and belief, other than the Buvette wine bar all the other service areas in the Market District are named with the French descriptive word for what each service area actually is and for the services and goods it will provide:

- *Boulangerie*, which is French for "bakery," will be a bakery and sell baked goods.

- *Fromagerie*, which is French for a cheese shop, will offer cheese products.

- *Charcuterie,* which in French refers to a deli or shop specializing in cured meat, will be just that.

5192913.2

- *Rotiserrie*, which is French for a cooked meat counter or a shop selling cooked meat, will offer cooked meats.

- *Boucherie*, which is French for a butcher shop, will be a butcher shop.

- *Poissonerie*, which in French refers to be a fishmonger's shop, will offer seafood.

37.     The word *"buvette"* in French refers to a roadside café, refreshment bar, coffee stall or snack stand.  Thus, unlike every other service area within the Market District, only the Buvette wine bar is not named for the literal descriptive word in French that describes the services and goods provided because it will be a wine bar and not a roadside café, refreshment bar, coffee stall or snack stand.

38.     Thus, in the cease and desist letter, Plaintiff pointed out that to conform to the descriptive French names for all the other service areas in the Market District of *Le District*, the wine bar should be named the French term for a wine bar which is *"bar à vin."*

39.     In response to Plaintiff's cease and desist letter, Brookfield Office stated that its tenant, defendant Hanover, is the party operating *Le District* and that they forwarded a copy of Plaintiff's cease and desist letter to Hanover.

40.     Thereafter Plaintiff's counsel engaged in discussions with Hanover's counsel; however, Defendants refused to comply with the demands set forth in Plaintiff's aforementioned cease and desist letter.

## PLAINTIFF'S PRIOR ACTION AGAINST DEFENDANTS

41.     Due to Defendants' refusal to comply with the demands set forth in Plaintiff's aforementioned cease and desist letter and Defendants' continuing to utilize the name "Buvette" in connection with *Le District*, on March 3, 2015, Plaintiff commenced an action against Defendants in this Court for trademark infringement and unfair competition under the

5192913.2

Lanham Act, 15 U.S.C. § 1051 et seq., and common law.  That matter was assigned civil action number 1:15-cv-01609-PGG (the "First Action").

42.     By letter dated March 6, 2015, Plaintiff's counsel sent to Defendants' counsel a copy of the Complaint from the First Action and asked Defendants' counsel to accept service of same.

43.     Thereafter, on March 25, 2015, counsel for Plaintiff and Defendants discussed the case and Defendants' counsel advised and represented that Defendants had agreed not to use the term "Buvette" in any way in connection with Le District, and that Defendants had renamed their wine bar "Bar du Marché."  Thus, Defendants requested that Plaintiff dismiss the Complaint in the First Action.

44.     Defendants' counsel memorialized that conversation in a letter dated March 25, 2015, wherein Defendants' counsel stated "**[a]s we discussed on the phone today, I am confirming that Hanover Ventures Marketplace LLC and HPH Restaurant Croup will not be using the term Buvette in connection with the LE DISTRICT restaurant and retail space scheduled to open next week in Brookfield Place**," and Defendants' counsel again requested that Plaintiff dismiss the First Action.  (A copy of the March 25, 2015 letter from Defendants' counsel is attached hereto as Exhibit B).

45.     Based upon the representations made by Defendants' counsel during the telephone discussion on March 25, 2015, and in his letter of the same date, on March 27, 2015, Plaintiff filed a Notice of Voluntarily Dismissal Pursuant to Rule 41(a)(1)(A)(i), thereby terminating the First Action.

46.     By email dated March 27, 2015, Plaintiff's counsel provided Defendants' counsel with a copy of the filed Notice of Dismissal and stated "in light of your representations that your clients Hanover Ventures Marketplace LLC and HPH Restaurant Group will not be using 'Buvette' in connection with their Le District restaurant and retail space, today we filed a

5192913.2

Notice of Voluntary Dismissal with the Court." (A copy of the March 27 2015 email to Defendants' counsel is attached hereto as Exhibit C).

## DEFENDANTS' CONTINUED INFRINGEMENT AND BREACH OF THEIR AGREEMENT NOT TO USE THE MARK BUVETTE

47.    On April 1, 2014, just days after Plaintiff voluntarily dismissed the First Action due to Defendants' promise and agreement not to use "Buvette" in connection with *Le District*, Defendants' counsel called Plaintiff's counsel and stated that Defendants had forgotten that they had two large exterior signs for *Le District* that still contained the word "Buvette."

48.    Defendants' counsel asked that Defendants be permitted to keep the two exterior signs that contain "Buvette" due to the cost Defendants would incur in replacing or altering the signs.

49.    In response, Plaintiffs' counsel demanded that that two large exterior signs containing the word "Buvette" be immediately removed or altered in order to eliminate any reference to the mark "Buvette."

50.    Defendants have refused to comply with Plaintiffs' demand and are continuing to utilize the word "Buvette" in connection with *Le District* in violation of Plaintiff's service mark rights and Defendants' promises and representations.

51.    Defendants' continued use of "Buvette" on the exterior signage of *Le District* is especially improper because consumers will enter *Le District* based upon their mistaken belief that inside will be restaurant and wine bar services provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected to Plaintiff.

5192913.2

## COUNT I

### TRADEMARK INFRINGEMENT
### UNDER THE LANHAM ACT

52.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of the Complaint as if they were set forth in full herein.

53.     Defendants, through their conduct described above, are providing in interstate commerce services under a mark that is a colorable imitation of Plaintiff's registered BUVETTE GASTROTHÉQUE service mark and BUVETTE name and mark, which is likely to cause confusion or mistake and/or to deceive in violation of the Lanham Act Section 32(1) (15 U.S.C. § 1114(1)).

54.     Upon information and belief, Defendants have committed such acts of infringement willfully and with full knowledge of Plaintiff's prior use and registration of, and rights in and to, its BUVETTE GASTROTHÉQUE service mark and BUVETTE name and mark.

55.     As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT II

### UNFAIR COMPETITION UNDER SECTION 43(a)
### OF THE LANHAM ACT

56.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of the Complaint as if they were set forth in full herein.

57.     Defendants, through their conduct as described above, are providing services under a colorable imitation of Plaintiff's protectable BUVETTE GASTROTHÉQUE and

5192913.2

13

BUVETTE names and marks, which is likely to cause confusion or mistake and/or to deceive in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

58.     Defendants have committed such acts of false designation of origin and false description and representation willfully and with full knowledge of Plaintiff's prior use of, and rights in, its BUVETTE GASTROTHÉQUE and BUVETTE names and marks.

59.     As a result of Defendants' acts of unfair competition, Plaintiff has suffered and will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT III

### COMMON LAW TRADEMARK
### INFRINGEMENT AND UNFAIR COMPETITION

60.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of the Complaint as if they were set forth in full herein.

61.     Defendants' aforesaid acts constitute infringement of Plaintiff's rights in its BUVETTE GASTROTHÉQUE and BUVETTE names and marks and tend to falsely describe or represent that Defendants' services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected to Plaintiff and are of the same character, nature and quality as the restaurant and wine bar services of Plaintiff, thereby damaging Plaintiff and Plaintiff's reputation.

62.     Defendants' acts complained of hereinabove constitute acts of unfair competition against Plaintiff under the common law of the State of New York, which acts have been committed knowingly and willfully and have injured Plaintiff in its trade and business.

63.     By reason of the aforesaid acts, Defendants have caused damage to Plaintiff and to the goodwill associated with Plaintiff's mark.

14

5192913.2

## COUNT IV

## BREACH OF CONTRACT

64.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of the Complaint as if they were set forth in full herein.

65.     Plaintiff and Defendants entered into an agreement whereby Defendants agreed not to use the mark "Buvette" at *Le District*, and based upon that representation, Plaintiff agreed to dismiss its complaint in the First Action.

66.     The parties' agreement, which was memorialized in emails and other written correspondence by counsel for the parties, formed a valid, binding contract between the Plaintiff and the Defendants.

67.     In accordance with the parties' agreement, Plaintiff filed a Voluntary Notice of Dismissal of the First Action.

68.     Defendants breached the agreement by continuing to utilize the word "Buvette" in two large exterior signs over the entrances to *Le District* and refusing to remove or alter the signs to eliminate the use of the mark "Buvette."

69.     As a result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer damages.

## COUNT V

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

70.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of the Complaint as if they were set forth in full herein.

71.     In every contract there is an implied covenant of good faith and fair dealing.

72.     By knowingly and purposely continuing to utilize the word "Buvette" in connection with *Le District* after agreeing not to do so, and continuing to use "Buvette" after

15

5192913.2

Plaintiff dismissed the First Action, and by refusing to remove or alter its exterior signage that contain the word "Buvette," Defendants have violated the spirit of the parties' agreement and have demonstrated their bad faith.

73.      By virtue of their wrongful acts, Defendants have breached the implied covenant of good faith and fair dealing which is inherent in the parties' agreement.

74.      As a direct and proximate result of such breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered and will continue to suffer damages.

## COUNT VI

## FRAUDULENT MISREPRESENTATION

75.      Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of the Complaint as if they were set forth in full herein.

76.      Defendants made a false representation of material fact when they made the statement, through their counsel, that Defendants will not use the term "Buvette" in connection with *Le District*.

77.      Defendants knew the statement was false when making it.

78.      Defendant intended for Plaintiff to rely on this false statement and to voluntarily dismiss the First Action based upon this false statement.

79.      Plaintiff justifiably relied on Defendants' false statement and voluntarily dismissed the First Action based upon this false statement.

80.      Plaintiff suffered damages due to its reliance on Defendants' false statement.

## COUNT VII

## NEGLIGENT MISREPRESENTATION

81.      Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of the Complaint as if they were set forth in full herein.

16

5192913.2

82.     Defendants convinced Plaintiff to voluntarily dismiss the First Action by assuring Plaintiff that Defendants would not be using the mark "Buvette" at *Le District*.

83.     Defendants made such representations intending that Plaintiff would rely on them.

84.     Defendants' representations were false and negligently or recklessly made.

85.     Plaintiff relied on Defendants' representations to its detriment by, among other things, filing a Notice of Voluntary Dismissal and thereby dismissing the First Action.

86.     As a result of Defendants' actions, Plaintiff has been damaged.

## COUNT VIII

## FRAUD IN THE INDUCEMENT

87.     Plaintiff repeats each of the foregoing allegations as though fully set forth at length herein.

88.     Prior to the parties entering into their agreement whereby Plaintiff agreed to dismiss the Complaint in the First Action, Defendants represented to Plaintiff, through counsel, that Defendants would not be using the mark "Buvette" at *Le District*.

89.     Defendants induced Plaintiff to enter into an agreement to dismiss the Complaint in the First Action based upon this representation that Defendants would not be using the word "Buvette" at *Le District*, while all along Defendants intended to continuing utilizing the word "Buvette" on their two large exterior signs.

90.     Defendants' representations to Plaintiff were knowingly false when they made them.

91.     Defendants' representations were made with the intent that Plaintiff would rely on them.

5192913.2

92.     In reasonable and justifiable reliance on Defendants' representations, Plaintiff was fraudulently induced to enter into an agreement with Defendants to Plaintiff's detriment.

93.     As a result, Plaintiff has been damaged and continues to suffer damages.

## COUNT IX

### PROMISSORY ESTOPPEL

94.     Plaintiff repeats each of the foregoing allegations as though fully set forth at length herein.

95.     Defendants made a clear and unambiguous promise not to use the word "Buvette" in connection with *Le District*.

96.     Plaintiff acted in reliance on Defendants' promise by dismissing the First Action.

97.     Plaintiff's reliance on Defendants' promise was both reasonable and foreseeable.

98.     Plaintiff suffered damages as a result of its reliance on Defendants' promise.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants as follows:

1.      That Defendants, and their members, officers, agents, servants, distributors, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with Defendants, and each of them, be permanently enjoined and restrained from, directly or indirectly:

(a)     Using the identical name and mark "Buvette" or any other marks confusingly similar thereto, alone or in combination with other words, names, styles, titles, designs or marks in connection with restaurant or wine bar services;

18

5192913.2

(b)     Using in any other way any other marks or designations so similar to Plaintiff's aforesaid BUVETTE GASTROTHÉQUE and BUVETTE names and marks as to be likely to cause confusion, mistake or deception;

(c)     Falsely designating the origin, sponsorship, or affiliation of the Defendants' services in any manner;

(d)     Otherwise competing unfairly with Plaintiff in any manner;

(e)     Using any words, names, styles, designs, titles, designations, or marks which create a likelihood of injury to the business reputation of Plaintiff and the goodwill associated therewith;

(f)     Using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure Plaintiff's business and goodwill pertaining thereto; and

(g)     Continuing to perform in any manner whatsoever any of the acts complained of in this Complaint.

2.      That Defendants be required to pay to Plaintiff compensatory damages for the injuries sustained by Plaintiff in consequence of the unlawful acts alleged herein and that such damages be trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful acts as alleged herein.

3.      That Defendants be required to account for and pay over to Plaintiff all gains, profits and advantages derived by them from the unlawful activities alleged herein.

4.      That Defendants be required to deliver for destruction all stationary, signs, advertisements, promotional flyers, cards, brochures, menus, promotional materials, packaging, labels and any other written materials which bear the trademark "Buvette Wine Bar" or

5192913.2

"Buvette" together with all plates, molds, matrices and other means and materials for making or reproducing the same.

    5.    That Defendants be required to pay to Plaintiff all of its litigation expenses, including but not limited to reasonable attorney's fees and the costs of this action.

    6.    That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

WOLFF & SAMSON, PC
140 Broadway, 46th Floor
New York, NY 10005
973-325-1500
Attorneys for Plaintiff
JMWilliams, LLC.

By _____
MELISSA A. SALIMBENE

Dated:  April 17, 2015
       New York, New York

# EXHIBIT A



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Mon Mar 2 03:22:31 EST 2015*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
|---|---|---|---|---|---|---|---|---|---|
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | | |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [_____] OR Jump to record: [_____]   **Record 1 out of 4**

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# BUVETTE GASTROTHÈQUE

| | |
|---|---|
| **Word Mark** | **BUVETTE** GASTROTHÈQUE |
| **Translations** | The English translation of the word "BUVETTE" in the mark is "roadside cafe". The wording "GASTROTHÈQUE" has no meaning in a foreign language. |
| **Goods and Services** | IC 043. US 100 101. G & S: Restaurant services featuring upscale cuisine and excluding roadside cafe services. FIRST USE: 20110121. FIRST USE IN COMMERCE: 20110121 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85799354 |
| **Filing Date** | December 11, 2012 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | January 21, 2014 |
| **Registration Number** | 4593601 |
| **Registration Date** | August 26, 2014 |
| **Owner** | (REGISTRANT) JMWilliams LLC LIMITED LIABILITY COMPANY NEW YORK 85 Barrow St., Apt. 10 New York NEW YORK 10014 |
| **Attorney of Record** | Peter Nussbaum |
| **Prior Registrations** | 3996324 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

# EXHIBIT B

# COLUCCI & UMANS

218 EAST 50TH STREET
NEW YORK, NEW YORK 10022-7681

———

FRANK J. COLUCCI, P.C.
GREGORY J. COLUCCI, P.C.
RICHARD P. JACOBSON, P.C.
DAVID M. DAHAN, P.C.
SUSAN B. JACOBSON, P.C.

TELEPHONE: (212) 935-5700
FACSIMILE: (212) 935-5728

email@colucci-umans.com
www.colucci-umans.com

KENNETH R. UMANS
(1944- 1998)

March 25, 2015

**VIA EMAIL pnussbaum@wolffsamson.com**

Peter E. Nussbaum, Esq.
Wolff & Samson PC
One Boland Drive
West Orange, NJ 07052

Re:  JMWilliams LLC v. Hanover Ventures Marketplace LLC
     Civil Action No. 1:15-cv-01609-PGG

Dear Peter:

As we discussed on the phone today, I am confirming that Hanover Ventures Marketplace LLC and HPH Restaurant Group will not be using the term Buvette in connection with the LE DISTRICT restaurant and retail space scheduled to open next week in Brookfield Place. As I mentioned to you, the Dining Section of today's New York Times shows a floorplan for LE DISTRICT. The wine bar formerly identified in our client's plans as Buvette will now be known as Bar du Marché.

In making this change, our clients do not acknowledge any liability or merit to the allegations in the complaint in the above matter and merely have implemented the name change for reasons of expediency and economy. We trust this resolution will be satisfactory to your client and understand you will voluntarily dismiss the above civil action. Kindly provide us with a courtesy copy of the dismissal after it is filed.

Very truly yours,

Richard P. Jacobson

RPJ: me

# EXHIBIT C

**Salimbene, Melissa A.**

| | |
|---|---|
| **From:** | Nussbaum, Peter E. |
| **Sent:** | Friday, March 27, 2015 12:23 PM |
| **To:** | 'Richard Jacobson' |
| **Cc:** | Derman, Adam; Salimbene, Melissa A. |
| **Subject:** | FW: JMWilliams v. Hanover Ventures Marketplace, et al. |
| **Attachments:** | Filed Notice of Dism.pdf |

Richard:

Thank you for your email and letter of March 25, 2015.  In light of your representations that your clients Hanover Ventures Marketplace LLC and HPH Restaurant Group will not be using "Buvette" in connection with their Le District restaurant and retail space, today we filed a Notice of Voluntary Dismissal with the Court.  A filed copy of the Notice of Dismissal is attached.

**MELISSA A. SALIMBENE**          website | bio | vCard | offices | email
Counsel                                             (973) 530-2092
                                                  Fax: (973) 530-2292
                                              msalimbene@wolffsamson.com
WOLFF & SAMSON PC
One Boland Drive | West Orange, NJ 07052
140 Broadway, 46th floor | New York, NY 10005

**WOLFF ▪ SAMSON**          www.wolffsamson.com
West Orange, NJ   ┊   New York, NY   ┊   Trenton, NJ

1

Melissa A. Salimbene
Ronald L. Israel
Wolff & Samson PC
140 Broadway, 46th Floor
New York, NY 10005
973-325-1500
Attorneys for Plaintiff
JMWilliams, LLC

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JMWILLIAMS,<br><br>              Plaintiff,<br><br>vs.<br><br>HANOVER VENTURES MARKETPLACE LLC, HPH RESTAURANT GROUP and JOHN AND JANE DOES 1-10 and XYZ CORPORATIONS 1-10,<br><br>              Defendants. | Case No.: 1:15-cv-01609-PGG<br><br><br>**NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(1)(A)(i)** |

Pursuant to F.R.C.P. 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiff JMWilliams, LLC and its counsel hereby gives notice that the above captioned action is voluntarily dismissed without prejudice and without costs or fees against all the defendants.

WOLFF & SAMSON, PC
140 Broadway, 46th Floor
New York, NY 10005
973-325-1500
Attorneys for Plaintiff
JMWilliams, LLC


By: */s/ Melissa A. Salimbene*
     MELISSA A. SALIMBENE

Dated:  March 27, 2015

5173561.1